**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| ARNOLD L. CARTER, | : |
| Petitioner, | : Civil Action No. 05-3680 (RBK) |
| v. | : **O P I N I O N** |
| JOHN NASH, Warden, | : |
| Respondent. | : |

**APPEARANCES:**

Arnold L. Carter, <u>Pro Se</u>
#08045000
Federal Correctional Institution
P.O. Box 7000, West
Fort Dix, NJ 08640

Irene E. Dowdy
Asst. U.S. Attorney
Office of the U.S. Attorney
402 East State Street
Trenton, NJ 08608
Attorney for Respondent

**KUGLER**, District Judge

On July 25, 2005, Petitioner, confined at the Federal Correctional Institution, Fort Dix, New Jersey, submitted for filing to the Clerk of this Court the instant Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241. On November 4, 2005, Respondent filed a Motion to Dismiss in response to the Petition. Petitioner has filed responses to the motion. The Court has reviewed all documents submitted. For the following reasons, the Court will dismiss the petition for lack of

jurisdiction, and grant Petitioner leave to file a civil complaint.

## BACKGROUND

Petitioner is currently serving a 120-month sentence, following a conviction in the United States District Court, District of Columbia for unlawful possession with intent to distribute cocaine. Petitioner's projected release date, assuming good conduct time, is August 31, 2011.

Petitioner argues that he was deprived of due process when he was improperly classified by a classification officer with a Management Variable of Greater Security. Petitioner argues that he should not have been given this variable due to the fact that the officer utilized prior criminal activity listed in his pre-sentence investigation ("PSI") for which he was never found guilty. Petitioner states that his improper classification keeps him from being housed in a "camp," or minimum security institution. Petitioner alleges that the officer was biased and racist in deciding his security level/custody classification.

Respondent counters that nothing Petitioner complains of will affect his release date, his eligibility for placement in a community corrections center, or any programming which could lead to a reduction in sentence. (Answer, p. 4).

**DISCUSSION**

**A.   Standard of Review**

Petitioner seeks a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241(c)(3).  That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

**B.   The Petition Will Be Dismissed for Lack of Jurisdiction.**

Petitioner challenges his security designation/custody classification as decided by the Bureau of Prisons ("BOP").  He states that the classification officer was biased and racist because the officer utilized crimes for which he was not found guilty in assessing his classification.  Due to the classification, Petitioner will not be able to serve his sentence

in a "camp" (a minimum security institution, as opposed to his current housing in a low security institution).

A habeas corpus petition is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749 (2004) and Edwards v. Balisok, 520 U.S. 641 (1997). See also Wilkinson v. Dotson, 544 U.S. 74 (2005). Habeas corpus is an appropriate mechanism, also, for a federal prisoner to challenge the execution of his sentence. See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990). In addition, where a prisoner seeks a "quantum change" in the level of custody, for example, where a prisoner claims to be entitled to probation or bond or parole, habeas is the appropriate form of action. See, e.g., Graham v. Broglin, 922 F.2d 379 (7th Cir. 1991) and cases cited therein.

In this case, because "no matter what the outcome of [Petitioner's] habeas petition, neither the fact nor the length of his incarceration will be affected," habeas relief is unavailable to Petitioner. See Bronson v. Demming, 56 Fed. Appx. 551, 553-54 (3d Cir. 2002)(unpubl.).

The Court of Appeals for the Third Circuit has explained that:

> whenever the challenge ultimately attacks the "core of habeas"- the validity of the continued conviction or the fact or length of the sentence- a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition.  Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).  For example, in Bronson, Petitioner brought habeas petitions to challenge the constitutionality of administrative decisions which placed him in a prison restricted housing unit.  See Bronson, 56 Fed. Appx. at 552.  The court of appeals rejected Petitioner's argument that he may challenge the conditions of confinement in a habeas petition, since no matter what the outcome of the habeas petition, the fact or length of Petitioner's incarceration would not be affected.  See id. at 554.

Also, in Jamieson v. Robinson, the Court of Appeals for the Third Circuit noted that the relief requested by Petitioner "would not serve to diminish the length of his incarceration," but rather sought "only to alter the conditions of his confinement."  641 F.2d 138, 141 (3d Cir. 1981).  The court of appeals followed United States Supreme Court precedent in Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973), to note that the district court was incorrect in finding that Petitioner's claims

challenging the availability of work release programs in prison sounded in habeas.  See Jamieson, 641 F.2d at 141.  The court of appeals found that despite this error, Petitioner's claims were subject to dismissal.  See id.

In the instant habeas petition, because Petitioner's claims concern conditions of prison life, not the fact or duration of his incarceration, they are more properly brought in an action under the Declaratory Judgments Act,  28 U.S.C. §§ 2201-2202.[1]

The Court will grant Petitioner 30 days leave, from the date of entry of the order accompanying this opinion, to inform the Court if he wishes to proceed with his case as a civil action

---

[1] To the extent that Petitioner argues that his classification deprives him of liberty without due process in violation of the Fifth Amendment, his claims are without merit. See, e.g., Montanye v. Haymes, 427 U.S. 236, 242 (1976) ("As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight."); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) ("We have rejected the notion that every state action carrying adverse consequences for prison inmates automatically activates a due process right.  ...  The same is true of prisoner classification and eligibility for rehabilitative programs in the federal system.  Congress has given federal prison officials full discretion to control these conditions of confinement, 18 U.S.C. § 4081, and petitioner has no legitimate statutory or constitutional entitlement sufficient to invoke due process."); Sandin v. Conner, 515 U.S. 742, 484 (1996) ("[Liberty interests conferred by government action] will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.").

under the Declaratory Judgments Act. If Petitioner wishes to proceed as such, he would be subject to the $250.00 filing fee or may apply to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915. Petitioner's action would also be subject to sua sponte screening under 28 U.S.C. §§ 1915(e)(2)(B) and/or 1915A(b).

## CONCLUSION

Based upon the foregoing, Respondent's Motion to Dismiss will be granted. Petitioner will be granted leave to convert this action to a civil action. An appropriate Order accompanies this Opinion.

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated: February 8, 2006